UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ren Song Yang,

        Plaintiff,

                                             **MEMORANDUM OPINION**
v.                                        **AND ORDER**
                                             Civil No. 06-1547 ADM/AJB

Internal Revenue Service,

        Defendant.

_____

Thomas E. Brever, Esq., Foster & Brever, PLLC, St. Anthony, MN, on behalf of Plaintiff.

Pat S. Genis, Esq., Department of Justice, Washington, DC, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Internal Revenue Service's ("IRS" or "Defendant") Motion for Summary Judgment [Docket No. 5]. In his Complaint [Docket No. 1], Plaintiff Ren Song Yang ("Yang" or "Plaintiff") alleges that Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, by failing to disclose Plaintiff's tax return information within the time period required by FOIA. For the reasons set forth herein, Defendant's Motion for Summary Judgment is granted.

## II. BACKGROUND

On December 6, 2005, Yang sent the IRS a request for disclosure of information contained in administrative and investigative files regarding his 2001 through 2004 federal income taxes. Compl. ¶ 4. After receiving Yang's request on December 9, 2005, the IRS notified Yang's counsel on January 6, 2006, that it was unable to respond within the twenty business-day period prescribed by FOIA. Genis Decl. [Docket No. 5] Ex. 1. Citing the need to

collect Yang's records from multiple locations, the IRS invoked a ten business-day statutory extension to January 23, 2006.  Id.  However, the IRS noted in its January 6 letter that it would need until February 15, 2006, to provide a final response to Yang's request.  Id.  The IRS's January 6 letter notified Yang that no reply was necessary if he agreed to the February 15 extension.  Id.  The letter also informed Yang of his right to file suit on or after January 23, 2006, if he did not agree to the time extension.  Id.

No further communications were exchanged until February 16, 2006, when the IRS notified Yang's counsel that it had found 3,571 pages of material responsive to Yang's FOIA request, of which 3,015 pages would be withheld for various general categories of reasons. Genis Decl. Ex. 2.  Additionally, the IRS notified Yang that 47 of the remaining 556 pages would be partially withheld.  Id.  The February 16 letter also informed Yang of his right to an immediate administrative appeal.  Id.

Yang never filed an administrative appeal.  Field Decl. [Docket No. 5].  Instead, he filed the Complaint in this action on April 24, 2006, seeking, *inter alia*, an order compelling the IRS to produce an index of the materials withheld with specific and detailed reasons for the non-disclosure.  Compl. ¶ 11.

### III. DISCUSSION

**A.     Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.    Plaintiff's FOIA Claim**

The IRS moves for summary judgment on the ground that Yang was required to exhaust his administrative remedies before filing the present FOIA action.  In response, Yang argues that exhaustion is not required by FOIA.  Yang argues in the alternative that the IRS's February 16 response after the deadline set by FOIA amounted to a "constructive exhaustion" of his administrative remedies.

Contrary to Yang's first argument, it is well established in the Eighth Circuit that exhaustion of administrative remedies is a prerequisite to a FOIA suit.  Brumley v. Dep't of Labor, 767 F.2d 444, 445 (8th Cir. 1985).  Although FOIA does not explicitly require exhaustion of administrative remedies, the exhaustion requirement is implied from 5 U.S.C. § 552(a)(6)(C), which provides, in part, that "[a]ny person making a request to an agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  This specific reference to exhaustion of administrative remedies strongly implies that FOIA imposes an exhaustion requirement.  Hedley v. United States, 594

F.2d 1043, 1044 (5th Cir. 1979) (per curiam), cited in Brumley, 767 F.2d at 445.  Thus, under settled Eighth Circuit precedent, Yang was required by FOIA to exhaust his administrative remedies before bringing this suit.

Yang argues that even if exhaustion of administrative remedies is required, his administrative remedies were "constructively exhausted" under 5 U.S.C. § 552(a)(6)(C) because the IRS responded outside the time limits set by FOIA.  At least three courts of appeals, however, have held that administrative remedies are deemed exhausted under 5 U.S.C. § 552(a)(6)(C) only if the FOIA requester files suit before the agency provides a response.  See Taylor v. Appleton, 30 F.3d 1365, 1369 (11th Cir. 1994); McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993); Oglesby v. Dep't of Army, 920 F.2d 57, 64-65 (D.C. Cir. 1990).  In the leading case, Oglesby v. Department of Army, the D.C. Circuit found this holding supported by FOIA's exhaustion requirement:

> We believe that where a requester has chosen to wait past the [statutory] period until the agency has responded, Congress intended that the administrative route be pursued to its end.  It did not mean for the court to take over the agency's decisionmaking role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding.

920 F.2d at 64.

This Court finds the reasoning in Oglesby persuasive.  If Yang had filed suit in the time period from January 23, 2006 until before the IRS responded on February 16, 2006, his administrative remedies would have been deemed exhausted under 5 U.S.C. § 552(a)(6)(C).  But Yang did not file suit in that time period.  Instead, he chose to wait for the IRS's late response.  Because the IRS responded before Yang filed suit, Yang was required to exhaust his administrative remedies before initiating this lawsuit.  Since Yang has not done so, the IRS's

Motion for Summary Judgment is granted regarding Yang's FOIA claim.

**C.      Plaintiff's Privacy Act Claim**

In addition to FOIA, Yang seeks relief under the Privacy Act. The IRS argues, however, that Yang can not seek relief under the Privacy Act because section 6103 of the Internal Revenue Code overrides the Privacy Act regarding the disclosure of tax return information. See Lake v. Rubin, 162 F.3d 113, 116 (D.C. Cir. 1998). In his Response and Objection to Defendant's Motion for Summary Judgment and Memorandum [Docket No. 7], Yang offers no argument to the contrary, and never refers to the Privacy Act. The Court finds that Yang has abandoned his Privacy Act claim. Thus, Defendant's Motion for Summary Judgment is granted regarding Plaintiff's Privacy Act claim.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Internal Revenue Service's Motion for Summary Judgment [Docket No. 5] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 12, 2006.